IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN LEN LEDFORD, | : | Civil No. 1:25-CV-01686 |
| Petitioner, | : | |
| v. | : | |
| WARDEN J. GREENE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Brian Len Ledford ("Petitioner"), a federal inmate currently held at the Federal Correctional Institution Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S. C. § 2241 alleging deliberate indifference to his alleged need for a knee replacement and requesting that the Bureau of Prisons ("BOP") be ordered to complete a knee replacement, or in the alternative, immediate release to allow proper access to health care. (Doc. 1.)  Section 2241 is not the appropriate vehicle for the relief sought by Petitioner.  Therefore, the court will dismiss the petition without prejudice to Petitioner filing a civil rights complaint.

### BACKGROUND

Petitioner is currently serving a term of imprisonment following revocation of his supervised release in the underlying criminal conviction for one count of possession with intent to distribute methamphetamine and one count of possessing

one or more firearms in furtherance of a drug trafficking crime. *United States v. Ledford*, No. 5:15-cr-00014-KDB-DSC-1, Doc. 46, (W.D.N.C. Jun. 2, 2021).

Petitioner filed a § 2241 habeas corpus petition in this court on September 4, 2025, describing his petition as an emergency. (Doc. 1.) The court received and docketed the petition on September 9, 2025. (*Id.*) The petition alleges that Petitioner is in need of knee replacement and the BOP has refused the replacement. (*Id.*) As part of his claim, Petitioner states "BOP is unable to provide the appropriate care and must provide immediate release to allow the proper access to health care as needed to get a total knee replacement." (*Id.*, p. 6.)[1] As relief, Petitioner asks for "immediate relief in the form of my total knee replacement surgery or in the alternative, the Bureau of Prisons must provide immediate release to allow me access to get the appropriate care that situation requires." (*Id.*, p. 7.)

Petitioner then paid the requisite filing fee on September 19, 2025. The court will now screen the petition according to Rule 4.

## DISCUSSION

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)). Rule 4 may be

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

Here, Petitioner seeks to raise a federal civil rights violation in a habeas corpus petition. He asserts that he has been denied appropriate medical care and that the BOP's actions have violated his constitutional rights. A habeas petition brought pursuant to § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–42 (3d Cir. 2005). Eighth Amendment claims such as Petitioner's must ordinarily be brought through a Section 1983 challenge, or here a *Bivens* challenge, and not a petition for habeas corpus, because they relate to the conditions of confinement rather than the execution of a prisoner's sentence. *See Stanko v. Obama*, 393 F.App'x 849 (3d Cir. 2010) (Section 2241 habeas petition challenging cruel and unusual punishment dismissed because Section 1983 was the proper vehicle for relief); *Roudabush v. Warden Fort DIX FCI*, 640 F.App'x 134, 136 (3d Cir. 2016) (federal prisoner challenging conditions of confinement should have brought challenge under *Bivens v. Six Unknown Named Agents of Fed. Bur. of*

*Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), not habeas petition).

The court acknowledges that the Third Circuit found a narrow exception to the requirement that conditions of confinement cases be brought as a civil rights complaint in *Hope v. Warden York County Prison*. 972 F.3d 310 (3d Cir. 2020). In *Hope*, the Third Circuit "held that *immigration detainees* could challenge their conditions of confinement as they relate to COVID-19 in a habeas petition under 28 U.S.C. § 2241, [but] it did not expressly extend that rule to state prisoners who are in custody pursuant to a criminal judgment." *Massey v. Estock*, No. 1:20-cv-271, 2021 WL 195264, at *1 (W.D. Pa. Jan. 20, 2021) (emphasis in original). "The same is true for federal prisoners in custody pursuant to a criminal judgment." *Galo v. Ortiz*, No. 20-16416(RMB), 2021 WL 571600, at *5 n. 9 (D.N.J. Feb. 16, 2021).[2] Therefore, the petition will be dismissed as the Eighth Amendment claim cannot be brought under Section 2241.

---

[2] Even if Petitioner were allowed to bring his Eighth Amendment deliberate indifference claim under a Section 2241 petition, the petition would be dismissed because Petitioner has failed to state a claim upon which relief can be granted under the Eighth Amendment. Petitioner attached medical records to his petition including a physician statement that "[h]e [ought] to wait until he is released to have the surgery." (Doc. 1-2.) Mere disagreement over proper treatment does not state a claim upon which relief can be granted. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir. 1987) ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

If the court were to liberally construe the petition as seeking compassionate release, it would be denied in any event. "The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'" *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C § 3582(c)(1)(A)(i)). But, to obtain compassionate release under the First Step Act, an incarcerated defendant must show, among other requirements, that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . ." Here, Petitioner's administrative remedies attached to the petition only demonstrate that he challenged the denial of the surgery and not that he requested compassionate release.

## Conclusion

For the above stated reasons, the court will dismiss with petition without prejudice to Petitioner filing the appropriate civil rights complaint. The court will close the case.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: October 23, 2025